# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Raphael V. Lupo
Attorney at Law
rlupo@mwe.com
202.756.8366

January 19, 2006

VIA FEDERAL EXPRESS

Honorable Christopher F. Droney
United States District Court Judge
450 Main Street
Federal Building
Hartford, Connecticut 06103

RE: Response To Order Requesting Proposed Future Actions
    Perricone v. Medicis Pharm. Corp, 3:99-cv-1820

## I. EXECUTIVE SUMMARY

This letter brief responds to your Order from December 29, 2005 directing counsel to submit a letter to the Court proposing future actions in the case. Based on the Federal Circuit's decision, Dr. Perricone requests the Court resume proceedings where it left off. The Federal Circuit did not indicate a need to revert to an earlier stage in the proceedings (*e.g.*, reopening discovery or permitting parties to submit supplemental briefing relating to summary judgment). Therefore, the Court should review its denial of Dr. Perricone's motions for infringement and validity and, based on the Federal Circuit's reversal of the Court's invalidity ruling regarding claims 1-4 and 7 of the '693 patent, grant Dr. Perricone's motions. The Court should also grant Dr. Perricone's motions for summary judgment with respect to Defendant's affirmative defenses under 35 U.S.C. §101 and §103. Thereafter, Dr. Perricone submits that trial should proceed on the issues of willful infringement, damages, and any matters not otherwise disposed of by summary judgment. In short, based on the Federal Circuit's ruling the Court should:

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

- grant Dr. Perricone's summary judgment motion for validity;

- deny Medicis's summary judgment motion for invalidity;

- grant Dr. Perricone's summary judgment motion that Medicis has failed to advance invalidity defenses under 35 U.S.C. §§ 101 and 103;

- deny Medicis's summary judgment motion of non-infringement;

- grant Dr. Perricone's summary judgment motion of infringement; and

- set a scheduling order governing pre-trial proceedings and setting a trial date.

## II. ANTICIPATION: THE COURT SHOULD FOLLOW THE FEDERAL CIRCUIT'S GUIDANCE REVERSING THE COURT'S RULING OF SUMMARY JUDGMENT ON ANTICIPATION WITH REGARD TO CLAIMS OF THE '693 PATENT

When the Court ruled on summary judgment that the asserted claims of the '693 patent were inherently anticipated, the Court had the opportunity to select the best reference from those asserted by Medicis. Tellingly, the Court only chose the Pereira reference. The other references relied on by Medicis were not selected by the Court.

With respect to these other references, Medicis's motion completely failed as a matter of law to show anticipation. Medicis failed to show, claim-by-claim, why the respective references contained each and every element of the asserted claims – a required analysis under Federal Circuit law. *See, e.g., ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 545 (Fed. Cir. 1998) (overturning finding of anticipation where seven asserted references failed to describe "all the elements and limitations contained in the claims"). Instead, Medicis resorted to crafting "claim

charts" containing <u>incomplete</u> portions of the asserted claims, yet failed altogether to compare each claim in its entirety. Presumably, the Court focused on the Pereira reference because Medicis's arguments relating to that reference appeared complete, though, as the Federal Circuit held, were still lacking.

Thus, the Court should grant summary judgment on Dr. Perricone's motion of no anticipation as to <u>all</u> prior art references alleged by Medicis.

### III.  BASED ON THE RECORD AS IT STOOD PRIOR TO APPEAL, THE COURT SHOULD RULE IN DR. PERRICONE'S FAVOR ON MEDICIS'S INVALIDITY DEFENSE BASED ON OBVIOUSNESS

For the following reasons, Medicis should be precluded from raising any further argument relating to obviousness under 35 U.S.C. §103. As stated in Dr. Perricone's pending motion, Medicis's answer contained mere boilerplate language relating to obviousness. Moreover, Medicis failed to adequately respond to Dr. Perricone's contention interrogatory relating to affirmative defenses and failed to pursue any information during discovery on obviousness arguments. Furthermore, Medicis failed to provide any analysis on obviousness in three expert reports relating to invalidity, but instead (and at best) relied on conclusory arguments.

Medicis failed altogether to raised obviousness in its summary judgment motions. Dr. Perricone, on the other hand, specifically moved for summary judgment with respect to any purported affirmative defense relating to obviousness, a motion to which Medicis failed to

Honorable Christopher F. Droney
January 19, 2006
Page 4

adequately respond. Consequently, in light of the undisputed record, the Court should grant Dr. Perricone's motion for summary judgment on this issue.[1]

### IV.    FURTHER TRIAL COURT ACTION, IF NECESSARY.

After ruling on Dr. Perricone's pending motions as set forth above, the following issues would be subject to trial:

- willful infringement;
- damages; and
- any issues left if summary judgment has not been granted.

Dr. Perricone respectfully requests the Court to set a trial date this year if it is convenient for the Court.

///

///

///

///

///

///

///

---

[1] The same is true with respect to Medicis's defense of invalidity under 35 U.S.C. §101.

## V. CONCLUSION

Based on the Federal Circuit ruling, the Court should resume proceedings where it left off and preclude Medicis from re-opening discovery[2] or filing any additional summary judgment motions.

Sincerely,

Raphael V. Lupo

RVL/cmw

cc: W. J. McNichol
　　R.C. Danaher
　　D.S. Schaefer

---

[2] The only outstanding discovery request requiring a response is Medicis's obligation to produce up-to-date sales figures for the products accused of infringement.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January, 2006, a copy of the foregoing

**LETTER TO HONORABLE CHRISTOPHER F. DRONEY IN RESPONSE TO ORDER REQUESTING PROPOSED FUTURE ACTIONS**

was served as required by Fed. R. Civ. P. 5(a) via first-class mail, postage pre-paid to counsel for Defendant as follows:

>Ira S. Lefton, Esq.
>REED SMITH SHAW & MCCLAY
>2500 One Liberty Place
>1650 Market Street
>Philadelphia, Pennsylvania 19103-7301
>
>Christopher J. Coxon, Esq.
>DANAHER, TEDFORD, LAGNGNESE & NEAL, P.C.
>700 Capital Place
>21 Oak Street
>Hartford, CT 06106

_____
David R. Schaefer (ct04334)